# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30487

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2018

Lyle W. Cayce
Clerk

ROGERS V. ATKINS,

Plaintiff−Appellant,

versus

DISTRICT ATTORNEY MOREHOUSE PARISH; EDDIE H. DELAMAR;
LORI LAINY; GRACIE PITTMAN DRUMMOND; R.W. KOSTELKA;
SHERIFF'S OFFICE MOREHOUSE PARISH; LORI LAING;
ALLEN HARVEY; PARISH OF MOREHOUSE,

Defendants−Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
No. 3:17-CV-1514

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Rogers Atkins, Louisiana prisoner #101861, moves to proceed *in forma pauperis* ("IFP") on appeal. He filed a 42 U.S.C. § 1983 complaint against numerous defendants alleging that their fraudulent acts and omissions during his criminal trial in 1983 violated his constitutional rights. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30487

dismissed the action *sua sponte* as frivolous and for failure to state a claim under 28 U.S.C. § 1915(a)(3) because it was barred by the Louisiana one-year prescriptive period.  The court also denied Atkins's motion for leave to proceed IFP on appeal and certified that his appeal was not taken in good faith.

By moving to proceed IFP, Atkins is challenging the good-faith certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss the appeal if it is apparent that it is frivolous.  *See Baugh*, 117 F.3d at 202 n.24.

In his appellate brief, Atkins focuses on his financial eligibility to proceed IFP and does not identify any error in the dismissal as time-barred.  Consequently, he has failed to brief the only relevant issue.  *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).  Thus, he also has not shown that the appeal involves "legal points arguable on their merits (and therefore not frivolous)."  *Howard*, 707 F.2d at 220.  Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of Atkins's complaint as frivolous and the dismissal of this appeal as frivolous count as strikes for purposes of § 1915(g).  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  Atkins is also cautioned that once he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).